# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:19CR35-RJC |
| | ) | |
| v. | ) | MOTION FOR COURT |
| | ) | RECUSAL |
| ROBERT McCOY, JR. | ) | |

NOW COMES Defendant ROBERT McCOY, JR., by and through undersigned counsel, pursuant to 28 U.S.C. §§455(a) and (b)(1), and hereby respectfully moves this Honorable Court to recuse itself and transfer this case to a different judge.

As is set forth below, Defendant does not allege that this Honorable Court is personally biased against him or will be unfair. However, the procedural chronology of this case gives the appearance that McCoy's guilt of the criminal contempt has already been decided against him by this Honorable Court. Therefore, Defendant respectfully submits that this Honorable Court should disqualify itself from hearing this matter.

In support of this motion, Defendant McCoy shows unto this Honorable Court as follows:

1. On May 23, 2019, McCoy and the government entered into a Pretrial Diversion Agreement providing that the prosecution of McCoy for criminal contempt would be deferred for six months or until the termination of the civil/bankruptcy case, whichever is later, but in no event longer than 18 months. This agreement was solely between the government and McCoy, and it provided various terms and conditions with which McCoy was required to comply. The agreement provided that if McCoy violated these conditions, "the United States Attorney may revoke or modify any conditions of this

1

pretrial diversion program . . ." and further that "[t]he United States Attorney may at any time within the period of your supervision initiate prosecution for this offense should you violate any condition of this Agreement." In such event, "the United States will furnish you with notice specifying the condition of the Agreement which you have violated." As of December 20, 2019, the government had not given Defendant such notice.

2. On December 20, 2019, this Honorable Court issued an Order in Civil Action No. 3:18CV-630-KDB, following a show cause hearing held the previous day. The Order stated that "the Court will refer this matter to the United States Attorney's office—for a second time—for criminal prosecution and an investigation into McCoy and Misty McCoy's *perjurious and fraudulent conduct*." (emphasis added) Further, the Order stated that the Court "*has determined that probable cause exists* to prosecute ROBERT McCOY, JR. and MISTY McCOY for criminal contempt." (emphasis added) Additionally, the Order requested the U.S. Attorney to prosecute this matter and set a trial date of March 9, 2020. Finally, the Order contained the following notification:

> You are advised that *the essential facts constituting such criminal contempt* are contained in the Order of the Bankruptcy Court Finding Certain Defendants in Civil Contempt, (Doc. No. 1-1), the Order and Supplemental Order Recommending Withdrawal of Reference, (Doc. No. 1-2), and the Orders by this Court regarding filing of your financial disclosures (Doc. Nos. 40, 48, 60), documents which accompany this Order. (emphasis added)

3. Three days later, on December 23, 2019, the government filed a motion to lift the stay of the criminal prosecution, alleging as its basis the fact that this Honorable Court had issued a charge of criminal contempt, finding probable cause to prosecute McCoy, and setting a trial date of March 9. (Document 25, ¶7).

4. On January 8, 2020, McCoy filed a brief in opposition to the government's motion to lift the stay. In that pleading, McCoy truthfully recited that he had complied with the following specific conditions of pretrial diversion: complying with his pretrial diversion officer's supervision; payment of a $10,000 fine within 120 days; completion of 160 hours of community service; and not violating any federal, state or local laws. As to the remaining condition of compliance with the orders of the court in the civil/bankruptcy case, McCoy pointed out that after entering into the Pretrial Diversion Agreement, he had retained new counsel Robert Trobich to represent him in the civil/bankruptcy case and that they had thereafter endeavored to produce all information and documents ordered by the Court. (Document 26).

5. On February 6, 2020, a "text only" Order was issued transferring this case from Judge Conrad to Judge Bell.

6. Later that day, this Honorable Court issued its Order granting the government's motion to lift the stay of the criminal case. In addressing McCoy's arguments opposing the motion to lift the stay, this Honorable Court stated as follows: "However, this Court, in the underlying bankruptcy case, *found the defendants in violation of Court orders* for filing 'wholly inadequate' financial statements on October 20, 2019, and November 26, 2019, among other things. (Case No. 3:18-cv-630, Doc. No. 60: Show Cause Order at 8-9)." (emphasis added)

7. On February 7, 2020, this Honorable Court issued a "text only" notice of hearing, stating that this case was set for a bench trial on March 9.

8. As stated in this Honorable Court's Order dated December 20 in Case No. 3:18-CV-630, in order for a defendant to be punished for a criminal contempt charge, the alleged contempt must be proven beyond a reasonable doubt.

9. Here, McCoy is set to be tried before this Honorable Court which has already decided that probable cause exists to prosecute McCoy for criminal contempt. This is inconsistent with the presumption of innocence.  The Court has also stated that it has referred the case to the U.S. Attorney for criminal prosecution and an investigation into McCoy and Misty McCoy's "perjurious and fraudulent conduct". Finally, the Order of December 20 notified McCoy of "the essential facts constituting such criminal contempt", citing various Orders issued by this Court which the Court has already determined that McCoy violated. Defendant submits that the latter statement indicates that the Court has already found that criminal contempt was committed.

10. A criminal contempt proceeding is an independent criminal action and must be conducted in accordance with the principles and rules applicable to criminal cases. *In Re Oliver*, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948); *In Re Michael*, 326 U.S. 224, 66 S.Ct. 78, 90 L.Ed. 30 (1945).

11. "[I]t is certain that in proceedings for criminal contempt the defendant is presumed to be innocent, he must be proved to be guilty beyond a reasonable doubt and cannot be compelled to testify against himself." *Bloom v. Illinois*, 391 us. 194, 205, 88 S.Ct. 1477, 1484, 20 L.Ed.2d 522 (1968), citing *Gompers v. Buck's Stove & Range Co.,* 221 U.S. 418, 444, 31 S.Ct. 492, 499, 55 L.Ed. 797 (1911). It has also been recognized that the defendant in criminal contempt proceedings is entitled to a public trial before an unbiased judge. *Bloom v. Illinois*, *supra,* 391 U.S. at 205 (citing *In re Oliver*, 333 U.S.

4

Case 3:19-cr-00035-KDB-DCK   Document 29   Filed 02/18/20   Page 4 of 9

257, 68 S.Ct. 499, 92 L.Ed. 682 (1948); *Offutt v. United States*, 348 U.S. 11, 75 S.Ct. 11, 99 L.Ed. 11 (1954));

12. In *Taylor v. Hayes,* 418 U.S. 488, 500-502, 94 S.Ct. 2697, 2704, 41 L.Ed.2d (1974), the Supreme Court held as follows:

> Contemptuous conduct, though short of personal attack, may still provoke a trial judge and so embroil him in controversy that he cannot 'hold the balance nice, clear, and true between the state and the accused . . ..' *Tumey v. Ohio*, 273 U.S. 510, 532, 47 S.Ct. 437, 444, 71 L.Ed. 749 (1927). In making this ultimate judgment, the inquiry must be not only whether there was actual bias on respondent's part, but also whether there was 'such a likelihood of bias or an appearance of bias that the judge was unable to hold the balance between vindicating the interests of the court and the interests of the accused.' *Ungar v. Sarafite*, 376 U.S. 575, 588, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964). 'Such a stringent rule may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties,' but due process of law requires no less. *In re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955).

13. "The due process requirement of disposition by an impartial judge is threatened, not only when the contempt is of such a personal nature as to create actual embroilment or the likelihood of personal engagement of the feelings of the trial judge, but also when the judge adopts an adversary posture with respect to the alleged contemnor, even if he has not been personally attacked." *U.S. v. Meyer,* 462 F.2d 827, 841 (D.C. Cir. 1972), citing *In re Murchison*, 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed. 942 (1955).

14. *In re Murchison* concerned contempt convictions arising from a procedure by which Michigan state judges were authorized to act as "one-man grand juries," with power to compel witnesses to appear before them in secret to testify about suspected crimes. The Court held that "[h]aving been a part of that process a judge cannot be, in the

very nature of things, wholly disinterested in the conviction or acquittal of those accused. . . . Fair trials are too important a part of our free society to let prosecuting judges be trial judges of the charges they prefer." *Id.,* 349 U.S. at 137. The Supreme Court reversed the contempt convictions in that case and remanded for proceedings before a different judge. A judge in such a situation may view the defendants, not from the vantage point of a disinterested observer, but in an adversary posture. This raised a sufficient possibility of bias to make disqualification necessary to preserve the integrity of the judiciary, even though "[s]uch a stringent rule may sometimes bar trial by judges who have no actual bias." *United States v. Meyer, supra,* 462 F.2d at 841.

15. Defendant in no way intends this Motion to impugn the integrity or fairness of this Honorable Court. However, Defendant is seeking to fully exercise his Constitutional right to a fair trial. The appearance from the chronology of the case proceedings is that McCoy's guilt has been adjudicated against him before the contempt trial has begun. Justice requires that criminal proceedings be conducted with no appearance of partiality or unfairness by the tribunal. Thus, in order to avoid the appearance that McCoy is not being afforded a fair trial before an impartial trier of fact, McCoy respectfully requests that this Honorable Court, in the interest of justice, transfer this case to a different judge.

16. Under 28 U.S.C. §§455(a) and (b)(1), a presiding judge is required to disqualify himself from hearing a matter "in which his impartiality might reasonably be questioned" or where "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Here, based on the findings and orders already entered by this Honorable Court against McCoy,

the Court's impartiality regarding a trial on the criminal contempt allegations may reasonably be questioned by an objective observer.

17. Disqualification here is in the best interest of preserving the appearance of impartiality of the Court and is therefore appropriate under Section 455(a). "The critical question presented by this statute 'is not whether the judge is impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances.'" *United States v. DeTemple,* 162 F.3d 279, 286 (4th Cir. 1998) (internal citations omitted). A court determining whether disqualification is appropriate under Section 455(a)

> must keep in mind that the hypothetical reasonable observer is not the judge himself or a judicial colleague but a person outside the judicial system. Judges, accustomed to the process of dispassionate decision making and keenly aware of their Constitutional and ethical obligations to decide matters solely on the merits, may regard asserted conflicts to be more innocuous than an outsider would.

*Id.,* at 287.

18. To an outside observer not familiar with the professionalism of federal judges, it would reasonably appear in this case that McCoy would not receive the benefit of the presumption of innocence or trial by an impartial trier of fact because the essential facts constituting the alleged contempt have already been found by the Court. Under these circumstances, disqualification is the appropriate action in order to protect McCoy's right to a fair trial and to preserve the public's respect for the judicial system.

19. Undersigned counsel has advised the government of this motion. The government, through assigned Assistant U.S. Attorney Mark Odulio, indicates that the government opposes this motion.

7

Case 3:19-cr-00035-KDB-DCK   Document 29   Filed 02/18/20   Page 7 of 9

20. In conclusion, Defendant McCoy respectfully requests this Honorable Court to disqualify itself from determining this matter.

                                          Respectfully submitted,

February 18, 2020                   s/ Mark P. Foster, Jr.
                                          NC State Bar #22717
                                          Attorney for Defendant
                                          Foster Law Offices, PLLC
                                          409 East Blvd.
                                          Charlotte, NC 28203
                                          Phone 980-721-5221
                                          markpfosterjr@gmail.com

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the above **MOTION FOR COURT RECUSAL** has been duly served on the attorney listed below by e-mail service through ECF on this date:

      Mark Odulio
U.S. Attorney's Office
227 W. Trade Street, 17th Floor
Charlotte, NC 28202

| | |
|---|---|
| February 18, 2020 | s/ Mark P. Foster, Jr.<br>NC State Bar #22717<br>Foster Law Offices, PLLC<br>409 East Blvd.<br>Charlotte, NC 28203<br>Phone 980-721-5221<br>E-mail: markpfosterjr@gmail.com |