UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:19CR35-KDB |
| | ) | |
| v. | ) | DEFENDANT'S TRIAL BRIEF |
| | ) | |
| ROBERT McCOY, JR. | ) | |

NOW COMES Defendant ROBERT McCOY, JR., by and through undersigned counsel, and hereby respectfully submits this brief in anticipation of issues that will arise at trial.

**1.  The Elements of Criminal Contempt**

For a defendant to be convicted of criminal contempt, there must be proven both a "contemptuous act and a willful, contumacious, or reckless state of mind." *United States v. Allen,* 587 F.3d 246, 255 (5th Cir. 2009), *cert. denied,* 559 U.S. 961 (2010). A conviction of criminal contempt requires proof that a defendant "willfully violated a decree that was clear and left no uncertainty in the minds of those that heard it." *In Re Gates,* 600 F.3d 333, 338 (4th Cir. 2010). The elements of criminal contempt are: "(1) a reasonably specific order; (2) a violation of the order; and (3) the willful intent to violate the order." *Id.* (quoting *United States v. Allen, supra,* 587 F.3d at 255). "Criminal intent is an essential element of the offense." *Id.* (quoting *United States v. Marx,* 553 F.2d 874, 876 (4th Cir. 1977).

"[I]t is certain that in proceedings for criminal contempt the defendant is presumed to be innocent, he must be proved to be guilty beyond a reasonable doubt and

cannot be compelled to testify against himself." *Bloom v. Illinois*, 391 U.S. 194, 205, 88 S.Ct. 1477, 1484, 20 L.Ed.2d 522 (1968).

2. **Procedural Background**

On May 23, 2019, after a previous criminal referral by the Court in this case, McCoy and the government entered into a Pretrial Diversion Agreement (Document 25-1). That agreement provided that if McCoy complied with each of the requirements of the agreement, the government would not prosecute the case but would dismiss it after the requisite time period passed. The conditions with which McCoy was required to comply were as follows: (1) not violate any law; (2) report to his pretrial diversion supervisor as directed and keep him/her informed of his whereabouts; (3) sign the Factual Basis prepared by the government; (4) be placed on diversion for six months or until the termination of the civil/bankruptcy case involving Ace Motor Acceptance Corporation, whichever is later, but in no event longer than 18 months from the date of the agreement; (5) payment of a $10,000 fine to the Clerk of Court within 120 days of the date of the agreement; (6) completion of 160 hours of community service; (7) provide the Probation Office with an updated address to accept service of process; (8) comply with any orders or subpoenas issued in connection with the underlying civil/bankruptcy case; (9) comply with previous court orders issued in the civil/bankruptcy case.

The Factual Basis was also executed on May 23, 2019 (Document 25-1). The Factual Basis contained McCoy's admissions of contemptuous conduct committed *before* May 23, 2019. Under the terms of the Pretrial Diversion Agreement, McCoy would face criminal consequences for that admitted conduct *only* if he was found to have committed

new violations of the agreement *after* May 23, 2019 and if the government gave him notice of such.

Thus, McCoy submits that the threshold determination in this case is whether the government can prove beyond a reasonable doubt that he has committed criminal contempt *after* May 23, 2019. If not, then the conduct previously admitted in the Factual Basis is not to be prosecuted.

**3.     McCoy Has Largely Complied with the Pretrial Diversion Agreement**

McCoy completed the 160 hours of community service and paid the $10,000 fine in a timely fashion. He has complied with the directions of his probation officer and is not alleged to have committed any violations of federal, state, or local law.

After the Pretrial Diversion Agreement was executed, McCoy obtained new counsel, Robert Trobich, to represent him on the civil/bankruptcy case. A notice of appearance was filed by Trobich on June 14, 2019.

Thereafter, on September 20, 2019, this Honorable Court issued an Order in the civil case requiring McCoy to file under seal "net worth statements reflecting all assets, all liabilities, all sources of income, and all expenditures made as of August 1, 2018 and as of September 19, 2019 within 30 days of the issuance of this Order." (Document 40 in civil case).

On October 20, 2019, McCoy, through his attorney, filed his "Timely Financial Disclosure". (Document 47 under seal, civil case). That document resulted from the joint work of McCoy and his attorney in a good faith effort to comply with the Court's order. That document contained a five-page attachment which included: (1) a personal net worth statement for August 1, 2018, listing assets and liabilities as of that date; (2) a personal

net worth statement for September 19, 2019, listing assets and liabilities as of that date;
(3) a McCoy Motors LLC net worth statement for August 1, 2019, listing assets and
liabilities as of that date; (4) a McCoy Motors LLC net worth statement for September
19, 2019, listing assets and liabilities as of that date; (5) a personal and business income
and expenditures chart, listing sources of income for Robert McCoy Jr., Misty McCoy,
and McCoy Motors LLC for the dates of August 1, 2018 and September 19, 2019.

This Honorable Court was not satisfied with the above filing and entered a subsequent order on October 28, 2019 (Document 48, civil case). This time, the Court entered the following order:

> that the McCoy defendants file financial statements reflecting *all transfers* of funds over $1,000 made anytime between August 1, 2018 and September 19, 2019. (emphasis in original) This includes, but is not limited to, any transfers of assets to Robert McCoy, III, and Flash Autos, LLC. These statements should be filed within 30 days of the issuance of this Order.

In response, McCoy and his counsel worked together to obtain and produce the information and documents ordered by the Court. Thus, on November 26, 2019, McCoy, through counsel, timely filed his Supplemental Financial Disclosure (Document 58 under seal, civil case). That pleading contained a two-page attachment, the first page being "McCoy Motors Financial Statement" for the period August 1, 2018, to September 19, 2019. This document stated McCoy Motors' total income and broke down its expenses into eleven categories, specifying the dollar amount spent in each category during the relevant time period. The next page was the "Personal Financial for McCoy Jr. and Misty McCoy Statement". Similarly, it stated the total income for the McCoys during the specified time period and broke down their expenses into five categories, specifying the amount spent in each category during the specified time period. This production did not

4

reflect an effort to disobey the Court's order or to conceal information. The fact that it fell short of the Court's expectations does not demonstrate a willful intent to violate the Court's order.

Thereafter, on December 5, 2019, this Honorable Court issued an Order to Show Cause as to why the McCoy defendants should not be subject to further sanctions. (Document 60, civil case). That Order summarized the history of the McCoys' conduct through the bankruptcy and civil cases. It recited that McCoy continued to fail to turn over any GAP refunds to Ace as required. (McCoy made that payment to Ace today). Additionally, the Order stated that the McCoys had transferred their marital home into the McCoy joint revocable trust "and then sold that home in violation of the Bankruptcy Court's August 1 Order". While it is true that the McCoys transferred ownership of their marital home into the joint revocable trust, the evidence will show that the property was *not* sold but is still owned by the Trust. A certified copy of the deed reflecting this will be offered as evidence at trial.

In response to the Court's December 5 Show Cause Order, McCoy and his counsel filed a Second Supplemental Financial Disclosure on December 16, 2019 (Document 67, sealed, in civil case). The stated purpose of this filing was the production of "supplemental financial documents in support of financial statements previously disclosed to this Court under seal." This filing had nine attachments: (1) 24 pages of Robert McCoy's Founders Federal Credit Union account statements between July 1, 2018 and August 31, 2019; (2) 36 pages of Misty McCoy's Arrow Point FCU account statements from August 1, 2018 through January 31, 2019; (3) 45 pages of Misty McCoy's Arrow Point FCU account statements from February 1, 2019 through

5

September 30, 2019; (4) 32 pages of McCoy Motors' TD Bank account statements from August 1, 2018 to May 31, 2019; (5) 25 pages of UCC-3 financing statements reflecting liens held by creditors against property possessed by McCoy Motors; (6) 36 pages of Misty McCoy's Navy Federal Credit Union (NFCU) mortgage loan statements between March 9, 2018 and February 7, 2019; (7) 29 pages of Misty McCoy's NFCU mortgage loan statements between March 18, 2019 and November 18, 2019; (8) 25 pages of documentation of loan debt owed by the McCoy defendants; (9) 29 pages of additional documentation showing loan and credit card debts of the McCoy defendants.  The evidence will show that these documents were gathered and submitted in a good faith effort to comply with the Court's orders.

Additionally, on December 18, 2019, McCoy and his attorney submitted a Third Supplemental Financial Disclosure (Document 70, sealed in civil case). This filing stated that the previous filing (Document 67 and attachments) constituted virtually all the financial records the McCoy defendants had for the requested time period between August 1, 2018 and September 19, 2019. The pleading went on to state that Attachment A was a balance sheet for McCoy Motors reflecting a comparison between August 1, 2018 and September 19, 2019 and a breakdown of all amounts exceeding $1,000 that were debited from the company during that time period. Secondly, the pleading stated that Attachment B was a balance sheet for Robert and Misty McCoy also reflecting a comparison between the two dates, listing assets transferred during that time period, and breaking down all amounts exceeding $1,000 that were debited from their accounts during that time period. The two attachments, six pages and seven pages respectively, were detailed spread sheets providing specific financial information.

6

Since entering into the May 23, 2019 Pretrial Diversion Agreement, McCoy has taken positive steps to comply with the Court's directives by retaining new competent counsel to represent him and by working with that attorney to try to produce the information and records ordered by the Court. The evidence will show that McCoy's failure to provide exactly what the Court ordered is the result of shoddy record-keeping and a lack of access to certain proprietary databases of Ace and Dealer Socket/Solutions rather than the result of a willful intent to violate the Court's orders.

Today, McCoy submitted a payment of $1,314.37 to Ace's attorney, representing the single GAP payment McCoy Motors had received after the bankruptcy case began. A copy of this payment will be offered as evidence at trial. As for the $58,619.28 previously ordered to be deposited into an escrow account, this obligation was discussed in a previous hearing before this Honorable Court. At a show cause hearing on September 19, 2019, this Honorable Court found that there was insufficient evidence that the McCoy defendants were capable of purging themselves of civil contempt as to the $58,619.28 debt. (civil case Document 80, page 41). Thereafter, McCoy's former wife Misty McCoy passed away on December 26, 2019, leaving Robert McCoy Jr. solely liable for all marital financial obligations and for being the sole provider and custodial parent of their two minor children, ages 17 and 9.

Defendant McCoy submits that the evidence will not show beyond a reasonable doubt that he has violated court orders after May 23, 2019 with the willful intent to do so. Therefore, McCoy submits that he is not guilty of committing criminal contempt after May 23, 2019. Consequently, he has not violated the Pretrial Diversion Agreement and

7

Case 3:19-cr-00035-KDB-DCK   Document 38   Filed 03/04/20   Page 7 of 9

the government lacks the grounds to re-open that matter for criminal prosecution of criminal contempt admitted in the Factual Basis.

Respectfully submitted,

March 4, 2020

s/ Mark P. Foster, Jr.
NC State Bar #22717
Attorney for Defendant
Foster Law Offices, PLLC
409 East Blvd.
Charlotte, NC 28203
Phone 980-721-5221
markpfosterjr@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above **DEFENDANT'S TRIAL BRIEF** has been duly served on the attorney listed below by e-mail service through ECF on this date:

                        Mark Odulio
                        U.S. Attorney's Office
                        227 W. Trade Street, 17th Floor
                        Charlotte, NC 28202

March 4, 2020                   s/ Mark P. Foster, Jr.
                        NC State Bar #22717
                        Foster Law Offices, PLLC
                        409 East Blvd.
                        Charlotte, NC 28203
                        Phone 980-721-5221
                        E-mail: markpfosterjr@gmail.com