UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 3:19-cr-00035 |
| v. ) | |
| ) | RESPONSE TO DEFENDANT'S |
| ROBERT MCCOY JR. ) | TRIAL BRIEF |
| ) | |
| _____ ) | |

NOW COMES the United States of America, by and through R. Andrew Murray, United States Attorney, and files its response to Defendant's Trial Brief (Doc. No. 38). The United States files its response ahead of the scheduled status conference of March 5, 2020, in an effort to frame the salient issues for the Court.

Defendant's trial brief seeks to re-open a question that has been previously considered and resolved by this Court, to wit, whether the Defendant has breached the Agreement for Pretrial Diversion ("Agreement"), thereby providing a basis to lift the stay in this case and allow the criminal prosecution to proceed. (Doc. No. 28, Court's Order Lifting Stay). In doing so, Defendant for the first time seeks to exclude the admissions made by the Defendant as part of his Agreement, arguing that before such evidence can be considered in his trial, the Court must first determine beyond a reasonable doubt that Defendant engaged in criminal contempt after May 23, 2019. Defendant's distorted reading is contrary to the plain language of the Agreement and inconsistent with the fundamental purpose of deferred prosecution. For the forgoing reasons, this Court should reject Defendant's position:

1. The Agreement for Pretrial Diversion entered into by the parties and signed by Defendant and counsel plainly states, "The United States Attorney may at any time within the period of your supervision initiate prosecution for this offense should you violate any condition of

1

this Agreement." (Doc. 25-1, page 1). To be sure, the conditions of the Agreement include obedience with Court orders in connection with the instant case, *In re: Ace* (no. 18-3036, Bankruptcy Court, WDNC), and *Ace Motor Acceptances Corporation v. McCoy Motors, LLC et. al.* (No. 3:18 CV-00630).

2. The Agreement does not require a tribunal to determine that there has been a violation of the Agreement, although in this instance, this Court made a determination that the Defendant has violated the terms of the Agreement through several acts of contempt. (Doc. No. 28, Court's Order Lifting Stay).

3. Nor does the Agreement place any limitation whatsoever upon the United States' ability to utilize Defendant's admissions in the instant case. For example, the Agreement provides, "This Agreement and any other document filed with the United States Attorney as a result of your participation in the Pretrial Diversion Program can be used against you, both at the guilt phase of the prosecution and for impeachment purposes, in connection with any prosecution for the above-described offense. (Doc. 25-1, page 2).

4. Having obtained the concession from the United States to defer his prosecution in exchange for a promise of good behavior and acknowledgement of his unlawful conduct, and having reaped the benefit of the bargain of deferring his criminal prosecution, Defendant seeks to re-litigate the issue of breach and invent a procedural step (that this Court determine beyond a reasonable doubt that he has committed criminal contempt after May 23, 2019) at odds with the explicit terms of the Agreement.

5. Based upon a review of the Agreement, there is no requirement that the Defendant is entitled to a "threshold determination" that he committed criminal contempt "beyond a reasonable doubt" prior to re-institution of the criminal proceedings against him. Indeed, such a

2

Case 3:19-cr-00035-KDB-DCK   Document 39   Filed 03/04/20   Page 2 of 3

provision would vitiate the benefit of any bargain the United States would gain from entering into Pretrial Diversion Agreements in the first place.

6. Finally, Defendant's trial brief includes an admission that he has in fact breached the Agreement. Specifically, Defendant reports that "Today [3/4/20], McCoy submitted a payment of $1,314.37 to Ace's attorney, representing the single GAP payment McCoy Motors had received after the bankruptcy case began." (Doc. No. 38, page 7). The fact that Defendant, on the eve of his criminal trial, finally complied with an order that has been in place since August 1, 2018 is *prima facie* evidence of his contemptuous conduct before this Court. Defendant offers no explanation for why the GAP payment was not made during the pendency of the litigation before this Court despite this Court's several prior Orders requiring such compliance.

7. The United States intends to offer Defendant's admissions made in the Agreement in its case in chief as conclusive proof of his contempt. Accordingly, inasmuch as Defendant seeks to condition the admissibility of his admissions made in the Agreement on a finding that he engaged in criminal contempt beyond a reasonable doubt following May 23, 2019, such motion should be DENIED.

Respectfully submitted, this the 4th day of March, 2020.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

By: /s/_____
Mark T. Odulio
Assistant United States Attorney
North Carolina Bar Number: 50011
United States Attorney's Office
227 West Trade Street, Suite 1700
Charlotte, North Carolina 28202
Telephone: 704.338.3108
Fax: 704.344.6629
E-mail: Mark.Odulio@usdoj.gov