# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO. 3:19-CR-00035-KDB-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT MCCOY JR.,<br><br>Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Defendant Robert McCoy Jr.'s ("McCoy") Motion for Reconsideration and Memorandum in Support Thereof. (Doc. No. 50). Having considered McCoy's motion, and the Government's Opposition thereto, the Court will deny McCoy's motion for the reasons set forth below.

Following a trial on March 30, 2020, the Court sentenced McCoy to four months of incarceration for a violation of 18 U.S.C. § 401, Criminal Contempt. On April 1, 2020 the Court entered a Judgment in the case which, *inter alia*, ordered that the imposed four months sentence not begin earlier than August 1, 2020. At sentencing, the Court expressly delayed McCoy's imprisonment in consideration of the COVID-19 pandemic and McCoy's relevant health concerns. McCoy now seeks to correct his sentence, reducing it from four months imprisonment to a period of home confinement to begin immediately. He styles his request as a "motion for reconsideration." (Doc. No. 50, at ¶ 15).

McCoy states that "[f]ederal courts recognize motions to reconsider pursuant to the common law doctrine recognized in *United States v. Healy*, 376 U.S. 75 (1964)[.]" (Doc. No. 50, at 4). He argues that most courts recognize a motion to reconsider that is filed within the time for filing a

1

notice of appeal, and that such motion is essentially treated the same as a motion to alter or amend a judgment in the civil context under Federal Rule of Civil Procedure 59(e). McCoy then cites to a civil case from the Tenth Circuit outlining the requirements for a motion to reconsider in a civil case.

The Fourth Circuit has ruled, however, that neither the federal statutes nor the Rules of Criminal Procedure authorize a motion for reconsideration in a criminal case. *United States v. Breit*, 754 F.2d 526, 530 (4th Cir. 1985) ("[D]efendant's remedies are limited by the statutes and Federal Rules of Criminal and Appellate Procedure, subject only to vacation or modification of an interlocutory order before it has become final or judgment has been entered thereupon."). Further, McCoy's citation to *Healy* is misplaced. The decision in *Healy* predated substantial revisions made to Rule 35 coinciding with the creation of the United States Sentencing Guidelines. *See* Pub. L. No. 98-473, 98 Stat. 1837, 2015-16 (1984); *see also United States v. Lussier*, 104 F.3d 32, 37 (2d Cir. 1997) (outlining the "scheme of appellate and collateral review [of sentences] established by the Sentencing Reform Act of 1984").

A final judgment was entered in McCoy's case on April 1, 2020. (Doc. No. 49). Accordingly, the only avenue of relief available to McCoy before this Court is a motion pursuant to Federal Rule of Criminal Procedure 35(a). Rule 35(a) authorizes the reconsideration and correction of a sentence under two conditions. First, the motion must be filed within fourteen days, and second, the court may only correct an "arithmetical, technical, or other clear error." *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). Here, McCoy filed his motion within fourteen days after the entry of the sentence and alleged clear error in the Court's imposition of the sentence. Thus, the Court has authority to consider the motion.

Under the clear error standard of review, a court may reverse only if "left with the definite and firm conviction that a mistake has been committed." *United States v. Stevenson*, 396 F.3d 538, 542 (4th Cir. 2010). The scope of clear error under Rule 35(a) is "extremely narrow" in order to promote "openness and finality in sentencing." *United States v. Hall*, 644 F. App'x 274, 276 (4th Cir. 2016) (quoting *United States v. Fields*, 552 F.3d 401, 404-05 (4th Cir. 2009)). "The law closely guards the finality of criminal sentences against judicial 'change of heart.'" *Goodwyn*, 596 F.3d at 235 (quoting *United States v. Layman*, 116 F.3d 105, 109 (4th Cir. 1997)).

McCoy suggests that granting his motion to modify his sentence will "prevent a manifest injustice by unnecessarily exposing the defendant to a potentially fatal disease." (Doc. No. 50, at 5). The majority of McCoy's motion describes the statistics of the COVID-19 pandemic and its impact on the prison population. McCoy claims that this presents a particular threat to him because he suffers from chronic bronchitis. He argues that while "no one is certain what the conditions of any federal prison regarding the spread of COVID-19 will be in August 2020[,] no one suggests the pandemic will be completely abated by then," *id.* at 4, and that, accordingly, the Court should modify his sentence to home confinement to prevent him from potential exposure to COVID-19.

However, the law does not provide McCoy with the relief he requests. Title 18 U.S.C. § 3582(c) "bars a district court from modifying a sentence 'unless [1] the Bureau of Prisons moves for a reduction, [2] the Sentencing Commission amends the applicable Guidelines range; or [3] another statute or Rule 35 *expressly* permits the court to do so.'" *Hall*, 644 F. App'x at 276 (quoting *Goodwyn*, 596 F.3d at 235). McCoy has not shown there was a "clear error" in his sentencing or that any other exception under Section 3582(c) gives this Court authority to modify his sentence.

McCoy cites no legal basis authorizing the Court to reduce his sentence for the reasons he suggests. McCoy "presented the Court with a fulsome description of his familial, professional, and

health history" at sentencing. (Doc. No. 56, at 2). The Court considered such history and explicitly acknowledged the COVID-19 pandemic in fashioning McCoy's sentence. Indeed, in light of McCoy's health history, the Court ordered that McCoy be permitted to report to BOP no earlier than August 1, 2020. McCoy himself even recognizes the Court's consideration of his health problems and the pandemic in issuing a sentence, stating in his motion: "Both defense counsel and the Defendant are cognizant of the fact that the court considered the COVID-19 pandemic when ordering that the defendant not report any earlier than August 1, 2020. For that the defendant is truly appreciative." (Doc. No. 50, at ¶ 3).[1] McCoy has not shown clear error under Rule 35, and as such Section 3582(c) bars this Court from modifying his sentence. Thus, the Court has no authority to grant the requested relief. *See id.* ("[T]here is no inherent authority for a district court to modify a sentence[.]") (quoting *Goodwyn*, 596 F.3d at 235).

Moreover, as the Government states in its Opposition, if McCoy is still concerned about his health and the COVID-19 developments closer to August 2020, he can request the Government to file a motion or move the Court to extend his report date to BOP. (Doc. No. 56, at 2) ("Finally, while the United States opposes the request to reduce the sentence to home confinement, it will entertain any reasonable request to extend Defendant's report date to BOP in light of any intervening Covid-19 developments.").

**IT IS THEREFORE ORDERED** that McCoy's Motion for Reconsideration and Memorandum in Support Thereof, (Doc. No. 50), is **DENIED**. The Judgment entered on April 1, 2020 remains in full force and effect.

---

[1] The Court also notes that McCoy could have moved to continue his trial to a later date in light of COVID-19 developments. Not only would this have delayed any sentence, it would have also provided the Court and the parties with a more accurate picture of how COVID-19 may be affecting prisons in the future, rather than speculating as McCoy does in his motion. However, McCoy specifically chose not to move for a continuance.

**SO ORDERED**.

Signed: April 13, 2020

Kenneth D. Bell
United States District Judge