# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO. 3:19-CR-00035-KDB-DCK

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | **ORDER** |
| **ROBERT MCCOY JR.,** | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Robert McCoy Jr.'s "Emergency Motion for Release to Home Confinement." (Doc. No. 60). McCoy requests that the Court order his release to home confinement for the balance of his sentence "pursuant to the First Step Act and CARES Act." *Id.* In support of his motion for home confinement, McCoy points to various conditions at FCI Loretto—close quarters with other inmates, lack of proper sanitation, and lack of access to his prescription medication. *Id.* Additionally, he cites to another case in this Court, *United States v. Lewis*, No. 3:20-CR-297-MOC (W.D.N.C.), in which McCoy claims "it [is] reported" that the defendant, former state representative David Lewis, will "likely serve his sentence on home confinement due to the COVID-19 pandemic." *Id.* McCoy argues that "Lewis' felony violations are by any standard significantly more serious than the lone misdemeanor" in his case. *Id.*

Title 18, United States Code, Section 3621 gives the Bureau of Prisons (BOP), not the courts, the authority to designate the place of a prisoner's imprisonment. 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment . . . ."); *see also United States v. Gray*, No. 4:12-CR-54-FL-1, 2020 WL 1943476 (E.D.N.C. April 22, 2020) ("The

1

BOP has exclusive authority to determine defendant's place of imprisonment, including home confinement, and the BOP's placement decisions are 'not reviewable by any court.'" (citing 18 U.S.C. § 3621(b), 18 U.S.C. 3624(c)); *Xiao v. La Tuna Fed. Corr. Inst.*, No. EP-19-CV-97-KC, 2019 WL 1472889, at *3 (W.D. Tex. Apr. 3, 2019). Under 18 U.S.C. § 3624(c), the BOP may place a prisoner in pre-release custody under conditions, including home confinement, for the last portion of a sentence in preparation for re-entry into the community. The statute clearly states that it does not alter BOP's authority to designate the place of the prisoner's imprisonment under 18 U.S.C. § 3621. *Id.* The First Step Act of 2018, among other things, amended § 3624(c) by adding a sentence directing the BOP to place qualifying prisoners in home confinement for the maximum amount of time permitted. Pub. L. 115-391, § 602, 132 Stat. 5194, 5238. "Nothing in the statutes amended by the [First Step Act] permits the Court to place Defendant in home confinement. Under the [First Step Act], the authority to place a prisoner remains with the BOP." *United States v. Kluge*, No. 17-cr-61 (DWF), 2020 WL 209287 at *3 (D. Minn. Jan 14, 2020); *see also United States v. Burkhart*, No. 6: 03-036-DCR, 2019 U.S. Dist. LEXIS 23091, 2019 WL 615354, at *2 (E.D. Ky. Feb. 13, 2019) (stating that the First Step Act "did not modify the requirement that the Bureau of Prisons, not the Court, make the decision to place a prisoner on home confinement or in a residential re-entry center.").

In response to the COVID-19 pandemic, the President signed the CARES Act into law on March 27, 2020. Pub. L. 116-136, 134 Stat. 281. Section 12003(b)(2) of the Act gives the BOP Director authority to lengthen the maximum amount of time a prisoner may be placed in home confinement under § 3624(c)(2) during the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum to the BOP Director making that finding and

directing the immediate processing of suitable candidates for home confinement. However, nothing in the CARES Act gives the Court a role in determining those candidates; only the BOP has the statutory authority to make the necessary assessment of whether to transfer the defendant to home confinement.

Although the First Step Act and the CARES Act expanded release opportunities, courts have observed that "it is BOP—not the courts—who decides whether home detention is appropriate." *United States v. Yates*, No. 15-40063-01-DDC, 2019 WL 1779773, at *4 (D. Kan. Apr. 23, 2019). Accordingly, it is not within this Court's authority to order that Defendant serve the duration of his sentence in home confinement.

**IT IS THEREFORE ORDERED** that Defendant's Emergency Motion for Release to Home Confinement, (Doc. No. 60), is **DENIED**.

**SO ORDERED.**

Signed: September 15, 2020

Kenneth D. Bell
United States District Judge